**Richard LANE and Faith Lane, Plaintiffs**

v.

**CAPITAL ACQUISITIONS AND MANAGEMENT COMPANY, a business entity, XYZ Venture Partners, L.L.C., a Florida limited liability company, Eric Woldoff, an individual, George Othon, an individual, and Reese Waugh, an individual, Defendants.**

**No. 04–60602–CIV.**

United States District Court, S.D. Florida.

July 28, 2008.

Chris Kleppin, Harry O. Boreth, Glasser Boreth Ceasar & Kleppin, Plantation, FL, for Plaintiffs.

Melissa C. Brown, Dykema Gossett PLLC, Chicago, IL, Thomas F. Munro, II, Foley & Lardner, Tampa, FL, Michele Leneve Stocker, Greenberg Traurig, Fort Lauderdale, FL, for Defendants.

## ORDER GRANTING MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)

KENNETH A. MARRA, District Judge.

**THIS CAUSE** is before the Court upon Plaintiff's Motion For the Court to Enter Judgment Pursuant to Rule 54(b) to Pursue Immediate Appeal and Abate Claims Against Woldoff Until the Appeal is Resolved [DE 232].

On February 21, 2008, judgment was entered in favor of Plaintiffs Richard and Faith Lane as to XYZ Venture Partners, L.L.C., but against Plaintiffs Richard and Faith Lane as to Reese Waugh and George Othon. *See* DE 221. Judgment was not rendered against Defendant Eric Woldoff. Thus, all of the claims in this case have been resolved except for Plaintiffs' claims against Eric Woldoff. Ordinarily, a judgment which does not resolve all of the claims pending against all of the parties is not appealable. However, Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") allows a district court to direct entry of an appealable judgment where all the claims against all of the parties have not been resolved if the court finds: (1) that multiple claims or parties are fully resolved; (2) that there is no just cause for delay; and (3) that the judgment constitutes a final judgment. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). The decision to do so "is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision ... is ready for appeal. This discretion is

to be exercised 'in the interest of sound judicial administration.'" *Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980).

■ In the instant case, all three factors are satisfied. First, all the claims against all the parties are fully resolved except for one party, Eric Woldoff, whose claims were stayed since his filing a Suggestion of Bankruptcy in November, 2006 (*see* DE 174). Second, there is no just reason to delay the appeal of this Court's dismissal of Reese Waugh and George Othon for lack of jurisdiction over the person. Finally, the Order and Opinion dismissing Reese Waugh and George Othon from this action constitutes a final judgment. There are no claims pending as to the Reese Waugh and George Othon and resolution of personal jurisdiction over them does not hinge on the issues directed to the remaining defendant. After careful consideration of the motion and record, this Court directs that the judgment entered on February 21, 2008 [DE 221] shall be a final judgment under Rule 54(b) with respect to all claims and all parties other than the claims against Eric Woldoff. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion For the Court to Enter Judgment Pursuant to Rule 54(b) to Pursue Immediate Appeal and Abate Claims Against Woldoff Until the Appeal is Resolved **[DE 232] is GRANTED.** The judgment entered on February 21, 2008 (DE 221) is hereby appealable pursuant to Fed.R.Civ.P. 54(b).